249 P.2d 537

**CORN v. BRANCHE.**

No. 5493.

Supreme Court of Arizona.

Oct. 31, 1952.

V. L. Hash and Virginia Hash, of Phoenix, for appellant.

J. E. Russell, of Phoenix, for appellee.

DE CONCINI, Justice.

This is an action to reform a deed. The plaintiff alleged that the deed mistakenly conveyed the whole interest in a parcel of land when it was the intent of the parties to convey only a one-half undivided interest therein.

The facts are as follows: Lottie L. Revels and Ollie M. Bosch were sisters. Miss Bosch, a single woman, was the fee owner of a parcel of real estate. On October 1, 1932, she deeded the property to Mrs. Revels who was a widow. On October 26, 1932, Mrs. Revels reconveyed the property to Miss Bosch. The latter deed was not recorded by Miss Bosch until February 1946. Both conveyances were by warranty deeds. One of the plaintiff's witnesses, the attorney who drew the deeds, testified that the deeds were in "the nature of a gift of one to the other." Mrs. Revels died March 24, 1947 and Miss Bosch died December 8, 1947.

Mary Louise Corn, administratrix of the estate of Lottie Revels, hereafter referred to as the plaintiff, brought this action to reform the Revels' deed on the theory that there was a mutual mistake as to the meaning of the deed from Revels to Bosch.

Ralph M. Branche, administrator of the estate of Ollie M. Bosch, hereinafter referred to as defendant, denied that it was the intention of the parties to hold the property jointly, but rather by Ollie M. Bosch in fee simple.

The plaintiff introduced a number of witnesses whose theme of testimony was that the sisters lived together, treated the property as joint owners, sold a portion of it and divided the proceeds. However, none of the testimony tended to prove a mutual mistake except by inference. Attorney Terrence Carson who represented both sisters at the time the deeds were made, testified that the sisters wanted the "property held equally between them" and "during their lifetime it certainly was their intention to hold the property jointly." He also testified that the reason the property was placed in Mrs. Revels' name was because she was a widow and could get a tax exemption.

The deed was not made out in joint tenancy with the right of survivorship as provided by section 71–122, A.C.A.1939, because as Mr. Carson testified, "that it was customary at that time to draw deeds and record one, so one could get the widow's exemption." While we do not condone such a practice we do know that many people resort to such tactics to avoid paying their just taxes. If any mistake was made it was in not having proper deeds executed which would have legally provided for joint tenancy with the right of survivorship. The result however, was the same.

Plaintiff on this appeal assigns two errors, 1) that the judgment is against the weight of the evidence, and 2) that the deeds were executed in a manner contra

to the intent of the parties and therefore was a mutual mistake.

█ This court has said innumerable times that if there is any substantial legal evidence to support the judgment we will not disturb it. In this case it is true there is some evidence tending to show the parties treated the property as joint owners but it was not sufficient to rebut the solemn, duly executed and delivered warranty deeds to the contrary.

The trial court cited the case of Wright v. Young, 20 Ariz. 46, 176 P. 583, in its decision. That case held that parol testimony will not create an express trust in contradiction to an outright conveyance of a duly executed deed. That case is not in point as to theory, because here the plaintiff's theory was based on reformation and not on the theory of engrafting an express trust by parol evidence. Parol testimony can always be admitted when the cause of action is one for reformation. Sine v. Harper, Utah, 222 P.2d 571.

█ There was no evidence of a mistake at the time of the execution and delivery of the deeds. In the absence of clear and convincing evidence to support the plaintiff's allegation of mistake, this court will not trifle with or cause to be reformed a duly executed and valid deed. Home Owners' Loan Corp. v. Bank of Arizona, 54 Ariz. 146, 94 P.2d 437.

█ Therefore, in absence of clear and convincing evidence, sufficient to reform this deed, the fundamental rule is that the intention of the parties is arrived at by the language contained within the instrument. Pass v. Stephens, 22 Ariz. 461, 198 P. 712. The deed of Lottie Revels to Ollie Bosch, recorded by the latter in 1946, is clear, definite, and certain in that it conveyed to Ollie Bosch the entire property in question in fee simple.

The remainder of the trial court's decision deals both with "joint owners" and "mutual mistake". We are convinced that the deeds did not and could not create a joint tenancy with the right of survivorship under section 71–122, supra, because there was only one grantee named in the deeds, albeit the result was the same; and that the plaintiff offered no evidence that the sisters did not understand what they were doing at the time the deeds were executed, delivered and recorded.

Accordingly the judgment of the trial court is affirmed.

UDALL, C. J., and STANFORD, PHELPS and LA PRADE, JJ., concur.