431 P.2d 915

Jacob VAN EMDEN and Yolanda Van Emden, husband and wife, Appellants,

v.

John A. BECKER and Lillian M. Becker, husband and wife, Appellees.

No. 2 CA–CIV 355.

Court of Appeals of Arizona.

June 12, 1967.

Rehearing Denied July 27, 1967.

Review Denied Oct. 3, 1967.

Silverstone & Stern, by Maurice M. Stern, Tucson, for appellants.

Quigley & Lamont, by Daniel K. Lamont, Tucson, for appellees.

KRUCKER, Judge.

The appellants, Jacob Van Emden and Yolanda Van Emden, were defendants in the trial court, and appellées, John A. Becker and Lillian M. Becker, were plaintiffs. The parties entered into a contract for the purchase and sale of real estate, wherein defendants were buyers and plaintiffs were sellers. The deposit and receipt agreement dated March 30, 1963, signed by all of the parties, was escrowed and the sale consummated around the end of May 1963.

The purchase price recited in the contract and in the closing statement called for a total purchase price of $125,000.00; the closing escrow statement also recited that $22,-000.00 of the purchase price was "credit to buyers for other property transferred outside this escrow".

No property of the value of $22,000.00 was ever transferred by buyers to sellers, and on July 23, 1965, plaintiffs Becker filed their complaint in the Superior Court of Pima County, for $22,000.00, plus interest.

The case was tried to the court, without a jury, and judgment was entered in favor of the plaintiffs and against the defendants for $22,000.00 and costs of $42.05, on August 31, 1966. From this judgment and the denial of motions for new trial, to reconsider, to open judgment for the purpose of taking additional testimony and direct the entry of a new judgment, defendants appeal.

■ Both parties seem to agree that the only question on appeal is whether the trial court's finding for the plaintiff is contrary to the weight of the evidence.

It is claimed by defendants that the true sale price was $103,000.00, and that the recited price of $125,000.00 was raised from $103,000.00 for the sole purpose of obtaining better financing and a better mortgage commitment in connection with the purchase of the property. The testimony of the defendants and the plaintiffs is diametrically opposed as to the price. Defendants claimed that the price was $103,000.00, and that there was no "intangible property" worth $22,000.00. Plaintiffs stated that the price was $125,000.00.

Defendant Becker testified, in part:

"I said, 'I am asking—I have got a broker that's got for it $135,000. I had it sold for 158,000 and I had a deposit put on it of $1,000 deposit and they didn't go through with that.'

"So then Tommy said, 'Well,—' or Mr. Van Emden said, 'Well, I will tell you. I will give you $125,000 for it.' "

Van Emden was aware of the value of the property, as stated in his deposition read into evidence:

"Q What was the value of the property?

"A At the time we bought the property, it had a value of approximately $130,000 to $140,000.

"Q How did you arrive at that figure?

"A There was an appraisal that was—

"Q Who made the appraisal?

"A. Solot.

"Q Do you know when that appraisal was made?

"A As I recall, either in '62 or '63."

The price of $125,000.00 was in the signed contract and in the closing statement of the escrow agent. Mr. Van Emden was a man of experience and a member of the Chicago, Illinois, Bar.

■ Defendants contend that where evidence of interested witnesses is corroborated by disinterested witnesses, a rejection of that evidence amounts to arbitrary action by the court. It is true that uncontradicted evidence may not be arbitrarily rejected, and that where testimony of interested witnesses is corroborated by disinterested witnesses, rejection amounts to arbitrary action. Ft. Mohave Farms, Inc. v. Dunlap, 96 Ariz. 193, 393 P.2d 662 (1964); In re Schade's Estate, 87 Ariz. 341, 351 P.2d 173 (1960); Ratley v. Industrial Commission, 74 Ariz. 347, 248 P.2d 997 (1952).

However, corroborated testimony of defendants is not uncontradicted. Plaintiffs, as stated above, testified the amount of the sale was $125,000.00. This is borne out by the sales contract and the closing statement, both of which are in evidence.

■ The reviewing court will not upset the findings of the trial court where there is a conflict in competent evidence. It is not our prerogative to weigh the evidence and determine the credibility of the witnesses. Lehman v. Whitehead, 1 Ariz. App. 355, 403 P.2d 8 (1965); Tonelson v. Haines, 2 Ariz.App. 127, 406 P.2d 845 (1965).

■ This Court must consider the evidence most strongly in favor of sustaining the trial court if evidence is of a character that reasonable minds might differ as to the inferences to be drawn from

the facts. Gee v. Salcido, 2 Ariz.App. 280, 408 P.2d 42 (1965).

The judgment of the trial court is affirmed.

HATHAWAY, C. J., and MOLLOY, J., concur.