Chester P. WESTCOTT and Leta Mae
Westcott, Appellees,

v.

Elizabeth M. WESTCOTT, Appellant.

No. 2–58354.

Court of Appeals of Iowa.

Sept. 9, 1977.

Review by Supreme Court Denied
Oct. 14, 1977.

John D. Randall, Cedar Rapids, and Don J. Boddicker, Vinton, for appellant.

George Lindeman of Lindeman & Yagla, Waterloo, and H. Edward Beatty, Cedar Rapids, for appellees.

Heard by ALLBEE, C. J., and DONIELSON, SNELL and OXBERGER, JJ.

PER CURIAM.

Defendant, Everett Lutz, the executor of the estate of Elizabeth M. Westcott, deceased, appeals the trial court's decree reforming a deed and dismissing defendant's counterclaim seeking establishment of a fee simple title and an accounting. On appeal, the executor alleges the trial court erred in: 1) not finding a resulting or constructive trust; 2) reforming a deed where there was no clear, satisfactory and convincing proof to justify such a decree; 3) not holding the plaintiffs were estopped from asserting a right of reformation based on laches; and 4) not awarding the defendant—a life tenant, the fair rental value of the property with interest, after crediting plaintiffs for payment of real taxes and insurance.

This lawsuit originated as an action by a son and his wife seeking reformation of a deed against his mother. Plaintiffs, Chester P. and Leta Mae Westcott, asked the trial court to reform the deed in question by removing the grant of a life estate and substituting a joint right of occupancy of

the dwelling house in favor of his mother, Elizabeth Westcott, the defendant. Defendant then counterclaimed seeking an accounting for rents from 1965 and asked the court to quiet title in her name.

■ Defendant's initial claim is that the trial court erred in not finding a resulting or constructive trust based upon an alleged fiduciary relationship and that a constructive trust is an appropriate remedy when unjust enrichment has occurred. Usually a resulting trust involves the situation where the party claiming that a trust resulted furnished the consideration or purchase price, but the property was conveyed by the seller directly to another person, who is sought to be held as trustee for the benefit of the party supplying the consideration, or where property is transferred without any consideration coming from the transferee and it appears from all the circumstances that he is holding the property for the benefit of the transferor. *Shaw v. Addison,* 239 Iowa 377, 383–84, 28 N.W.2d 816 (1948).

■ The burden rests upon the party claiming the trust to establish by clear, certain, satisfactory and convincing evidence the facts out of which a resulting trust would arise. *Gregory v. Gregory,* 248 Iowa 672, 674, 82 N.W.2d 144 (1957); *Shaw v. Addison, supra.* See also: *Hopp v. Rain,* 249 Iowa 891, 904, 88 N.W.2d 39 (1958). These facts are (1) the purchase and payment by the claimant; (2) the intention of the parties in placing the legal title in the alleged trustee; (3) acknowledgment by him of the trust, his assent thereto, or his failure to dissent after knowledge of the claimant's contention. And it arises, if at all, from the state of facts existing at the time the legal title to the property is acquired. *Gregory,* supra. There was no evidence that defendant paid the purchase price for the Westcott farm; defendant failed to establish the existence of a resulting trust.

■ A constructive trust, on the other hand, is a creature of equity used by the courts as a remedial device by which the holder of legal title is held to be a trustee for the benefit of another who in good conscience is entitled to the beneficial interest. The distinguishing feature is that it arises by operation of law, or more accurately, by construction of the court, and that result is reached in such instances regardless of and ordinarily contrary to, any intention to create a trust. *Loschen v. Clark,* 256 Iowa 413, 419, 127 N.W.2d 600 (1964). See also *Ontjes v. MacNider,* 232 Iowa 562, 575–77, 5 N.W.2d 860 (1942). Evidence to establish a constructive trust must be clear and convincing. *James v. James,* 252 Iowa 326, 330, 105 N.W.2d 498 (1960).

Prior to 1940, defendant was the owner of the property in question. In that year, she conveyed it by deed to her sister and brother-in-law, Lulu and George Strange, reserving to herself a life estate and imposing conditions upon herself that in default would give grantees entire title, conditions such as paying certain expenses and not removing herself from the premises. Defendant made the conveyance as she was about to have her interest in the property foreclosed. In 1950, defendant gave her sister a quit claim deed to the property to assist her in settling her deceased husband's affairs; she did not prove there was a lack of consideration.

■ In 1951, defendant attempted to get several of her children to buy back the farm from her sister. No mention was ever made of any trust relationship but only of an outright sale. Plaintiffs were the only family members who expressed an interest in the property. They secured a loan, purchased the property and received a warranty deed from Lulu Strange. Defendant was not involved in the sale except for urging her children to buy the property. Plaintiffs paid the purchase price quoted them by Lulu Strange and her attorney. Defendant has failed to show by clear and convincing evidence facts which would justify the imposition of a constructive trust.

■ Defendant's second claim is that the trial court erred in reforming the deed where there was no clear, satisfactory or convincing proof which would justify such result. One who contends a writing does

not express the real agreement between the parties or who seeks reformation of a contract has the burden of establishing his contentions by clear, satisfactory and convincing proof. *Wilden Clinic, Inc. v. City of Des Moines,* 229 N.W.2d 286, 289 (Iowa 1975); *Rodgers v. Cummings,* 244 Iowa 116, 122, 56 N.W.2d 12 (1952). In the instant case, plaintiffs claim reformation is required to correct a mistake made in the 1956 deed to defendant. A mistake may be either mutual or unilateral.

■ The proper relief for mutual mistake of a material fact in a written instrument is reformation of the instrument to reflect the true intentions of the parties. *Wilden,* supra. However, under the doctrine of mutual mistake, the mistake must be both mutual and material. A mistake on one side may be grounds for rescinding, but not for reforming a contract. The burden was on plaintiffs to show mutual mistake. 229 N.W.2d at 290.

■ However, the rule is different where the conveyance is voluntary. The grantor in a voluntary conveyance will be aided by the court, as where, by mistake a larger estate or more land has been granted than was intended to be conveyed. It is immaterial that the grantee is not cognizant of the mistake. Insofar as voluntary conveyances are concerned, they are unilateral and the court has the power to reform the deed to express the intentions of the grantor even though, strictly speaking, the mistake is not mutual. 66 Am.Jur.2d, Reformation of Instruments, § 45. See e. g. *Jonas v. Meyers,* 410 Ill. 213, 101 N.E.2d 509 (1951). To reform the deed, both proof that a mistake was made and proof of what was really intended must be shown by clear and convincing evidence. Rodgers, supra.

In 1956, plaintiffs conveyed by warranty deed a life estate to defendant in the 80 acre property known as the Westcott farm. Plaintiffs testified that they had intended to convey only a joint right of occupancy so as to provide defendant a place to live should Chester die. Both testified they never intended to convey a life estate and the testimony showed no consideration was ever given by defendant for the conveyance. Defendant did not demand possession or do anything which would indicate any type of property ownership until 1963.

In that year, defendant served the plaintiffs with a notice to quit and they moved out of the house but continued to farm or rent out the property as before. Plaintiffs paid all of the taxes, insurance, and expenses and made all of the improvements from 1951 to the time of this action. In 1972 defendant made demands on plaintiffs as to the property and in 1973 served a notice to terminate tenancy.

■ From a review of the record, we believe plaintiffs established their right to reformation by clear, satisfactory and convincing evidence. They established both a mistake, whether mutual or not, and what was really intended. *Cf. Rodgers v. Cummings, supra.* While we believe defendant contributed several items of property which were used by plaintiffs in the farming operation, we are unable to say this establishes consideration for the conveyance or detracts from plaintiffs' claim of mistake. We believe the trial court was correct in so holding.

Defendant's third contention is that the trial court erred in not holding plaintiffs were estopped from asserting a right of reformation based upon the doctrine of laches. Laches has been defined as such delay in enforcing one's rights as works a disadvantage to another. *Boehnke v. Roenfanz,* 246 Iowa 240, 248, 67 N.W.2d 585 (1954). The rule was formulated largely because after great lapse of time, from death of parties, loss of papers, death of witnesses, change of title, intervention of equities, or other causes there is danger of doing injustice, and there can be no longer a safe determination of the controversy. *Copeland v. Voge,* 237 Iowa 102, 110, 20 N.W.2d 2 (1945).

■ Defendant argues she has been prejudiced by the lack of diligence on the part of plaintiffs by way of her ability to defend in that matters of proof were lost and the transactions giving rise to the origi-

nal conveyances in 1951 and 1956 have become obscured by lapse of time prior to commencement of this lawsuit. The trial court found defendant, age 86, did not suffer from infirmities of body and mind normally accompanying such age. It found her alert, capable of following testimony and believed her to have a good memory except when it was more convenient to forget. There is ample evidence to support such a finding. From a review of the record, we are unable to find defendant has suffered any disadvantage through delay in initiating this suit. The trial court was correct in holding defendant had not established laches on the part of plaintiffs.

Because of our holding on the issue of plaintiffs' right to reformation of the deed, we need not consider defendant's fourth contention on appeal: that the defendant is entitled to the fair rental value of her life estate less payments for taxes and insurance made by plaintiffs. The judgment of the trial court is affirmed.

Affirmed.

CARTER, J., takes no part.