669 P.2d 1024

MAGNA INVESTMENT & DEVELOPMENT CORPORATION, a Utah corporation, Joseph K. Kivel and Esther Kivel, husband and wife, A. Victor Kivel and Betty Jean Kivel, husband and wife, Daniel Kivel, an unmarried man, Beverly Kivel, an unmarried woman, and Alvin and Janice Kivel, husband and wife, Plaintiffs/Appellants/Cross Appellees,

v.

BROOKS FASHION STORES, INC., a New York corporation, Defendant/Appellee/Cross Appellant.

No. 2 CA–CIV 4664.

Court of Appeals of Arizona, Division 2.

June 29, 1983.

## OPINION

HOWARD, Chief Judge.

This is a forcible entry and detainer action which poses these questions: (1) Did appellee, assignee of a lease, have the right to raise, as a defense, the landlord's unreasonable withholding of consent to the assignment? (2) Was the consent unreasonably withheld? (3) Did the trial court err in refusing to grant attorney's fees to appellee pursuant to the provisions of the lease?

Appellants own the El Con Shopping Center in Tucson. In 1978 they entered into a written lease with the Wiener Corporation, doing business as "The Stamina" a men's clothing store. The lease provided that the premises "... may be used and occupied only for the retail sale of young men's casual apparel and women's junior sportswear and accessories and related items ... and for no other purpose or purposes without the written consent of Landlord, which consent Landlord agrees not to unreasonably withhold...."

The lease provides, as rent, a fixed minimum rental plus a percentage rental based upon the annual gross sales. The lease further provides that the tenant shall not assign the lease without the prior written consent of the landlord "which consent Landlord agrees not to unreasonably withhold." In addition, the lease provides:

> "In the event of any action at law or in equity between Landlord and Tenant to enforce any of the provisions and/or rights hereunder, the unsuccessful party to such litigation covenants and agrees to pay to the successful party all costs and expenses, including reasonable attorneys' fees and court costs, incurred therein by such successful party, and if such successful party shall recover judgment in any such action or proceedings, such costs, expenses and attorneys' fees shall be included in and as a part of such judgment."

Upon signing the lease the Wiener Corporation took possession of the premises. It never conducted business other than as a men's clothing store. Appellants knew that "The Stamina" only sold men's clothing, and appellants never gave "The Stamina" written consent to operate exclusively as a men's clothing store rather than a store selling both young men's casual apparel and women's junior sportswear.

In 1981 the Wiener Corporation assigned the lease with appellants to appellee. At the time of the assignment, the written consent of the landlord had not been obtain-

ed, although appellee had contacted the landlord and informed it of its negotiations with Wiener. The landlord agreed to let appellee lease the premises if appellee agreed to an increase in the rent. Appellee refused to do this and the landlord refused to consent to the assignment. Appellee's response to the refusal was simply to move into the premises.

The Wiener Corporation owned only three men's clothing stores whereas Brooks owns 475 stores. During the time that Brooks has been in possession of the premises, its gross sales have averaged $30,000 per month, substantially greater than the sales of "The Stamina."

At trial it was appellants' contention that it did not consent to the assignment of the lease because it felt that a change in use in that particular location from a men's store to a women's store was not acceptable. What it wanted for the area was "tenant mix," which it felt it would not get with a women's clothing store. The trial court denied the request for forcible entry and detainer relief, granting judgment to appellee but denying appellee attorney's fees in spite of the fact that there was a contractual provision specifically allowing them.

Appellants first contend that appellee was precluded from contesting the forcible entry and detainer action on the ground of unreasonable refusal to give consent since appellee's remedy was solely by means of an action for declaratory relief prior to any entry into possession. We do not agree. The procedure utilized here is not improper although the assignee does proceed at its peril by taking possession prior to the determination that the landlord's consent was unreasonably withheld. See the Restatement (Second) of the Law of Property (Landlord and Tenant) § 15.2 comment g (1977).

■ A defendant in a forcible entry and detainer action may assert those defenses which, if proven, could either preserve his possession as a tenant or preclude the landlord from recovering possession. *Nork v. Pacific Coast Medical Enterprises, Inc.*, 73 Cal.App.3d 410, 140 Cal.Rptr. 734

(1977). Since the landlord's consent to the possession by appellee would be a defense to the forcible entry and detainer action, it was proper to show consent by operation of law, in other words, that it was unreasonably withheld.

■ Appellants' next contention is that it was not unreasonable in withholding its consent to the assignment of the Wiener lease. Appellants appear to be asking this court to make its own decision on this issue. We decline to do so. We are an appellate court and not a fact finder. We review the evidence in the light most favorable to sustaining the judgment of the trier of fact, which judgment will not be disturbed if there is evidence to support it. *Sandblom v. Corbin*, 125 Ariz. 178, 608 P.2d 317 (App. 1980). Appellants' reason for not giving its consent, that it wanted a men's store for proper tenant mix, was contradicted by the testimony that the lease would have been assigned if appellee had been willing to pay more rent and by evidence that "The Stamina," from its inception, never operated according to the terms of the lease as both a men's and women's shop. The trial judge could have concluded that the reason for refusing which appellants gave at trial was a mere pretext and that the only reason they did not consent was because they wanted to extract more rent from appellee.

■ Appellee has cross-appealed from the trial court's refusal to allow attorney's fees in accordance with the express provisions of the lease. Appellants rely on the Division One case of *Gangadean v. Erickson*, 17 Ariz.App. 131, 495 P.2d 1338 (1972) where the court, in dicta, expressed reservations about the propriety of awarding attorney's fees because A.R.S. § 12–1178 sets forth what damages are collectible in a forcible entry and detainer action and does not say anything about attorney's fees. We do not agree with this dicta. Attorney's fees are awardable in a forcible entry and detainer action when the lease so provides. *D'Amico v. Riedel*, 95 Cal.App.2d 6, 212 P.2d 52 (1949); *Parish v. Studebaker*, 50 Cal. App. 719, 195 P. 721 (1920); *Jesse French*

*Piano & Organ Co. v. Hallberg,* 130 Tenn. 650, 172 S.W. 298 (1914). We see nothing in A.R.S. § 12–1178 which prevents the award of attorney's fees stipulated by the lease.

The case is remanded to the trial court for a determination of appellee's reasonable attorney's fees, and the judgment is affirmed in all other respects.

HATHAWAY and BIRDSALL, JJ., concur.