697 P.2d 1132

**Hiromu YANO and Yoshie Yano, his wife, Plaintiffs-Appellees,**

v.

**Elaine Seiko YANO, individually and as Personal Representative of the Estate of Tom Jiro Yano, deceased, and Substitute Custodian for Jill Keiko Yano, a minor, Defendant-Appellant.**

**No. 1 CA–CIV 7085.**

Court of Appeals of Arizona, Division 1, Department C.

March 19, 1985.

## OPINION

CONTRERAS, Presiding Judge.

This appeal is taken from a judgment reforming certain deeds which conveyed a fee simple interest to members of the grantors' family to reflect the conveyance of remainder interests with a life estate in the grantors. The primary issues on appeal are whether there was sufficient evidence to support the judgment; whether unilateral mistake of the grantors in a conveyance of real property is a sufficient basis for reformation; and whether an indispensable party was missing from the proceedings. We affirm.

The record, viewed in a light most favorable to supporting the judgment, indicates that the following circumstances gave rise to this litigation.

Hiromu and Yoshie Yano, husband and wife, owned a 40-acre tract of land near Chandler, Arizona. They were advised by their accountant that they could avoid estate taxes by giving their property away during their lifetimes. The accountant also advised them that they could give their property away but retain the income from the property and ensure that the property could not be sold during their lifetime without their permission. Yoshie Yano read very little English and Hiromu Yano could not read any English. Commencing in 1976, they began deeding away their land using warranty deed forms provided and prepared by their accountant. They conveyed portions of their land to their sons, daughters-in-law and grandchildren. They did not understand that the warranty deeds conveyed fee simple interests nor did they understand the distinction between fee simple interests, life estates and remainder interests in property. After the deeds were executed, Hiromu and Yoshie Yano continued to receive the rental income from their property and pay real estate taxes on the property.

In February 1981, Tom Yano, one of Hiromu's and Yoshie's sons, separated from his wife and moved into his parents' home. Two weeks later Tom Yano died. His widow, Elaine, was appointed personal representative of Tom's estate. Elaine requested that Hiromu and Yoshie provide her with an accounting of the rental income from the land. This was the first time that the senior Yanos were made aware of the nature of the warranty deeds which they

had executed in favor of various members of their family.

After discovering that the deeds in question conveyed a greater interest than they had intended, Hiromu and Yoshie Yano filed this lawsuit seeking reformation of the various warranty deeds to reflect their intention to grant remainder interests while retaining life estates for themselves. The lawsuit named as defendants all persons to whom Hiromu and Yoshie Yano had deeded their land. However, only Elaine Yano, individually and as personal representative of her husband's estate and custodian of their minor daughter, actively defended in the litigation.

Trial was held to the court on April 1, 1982, and judgment was entered in favor of Hiromu and Yoshie Yano. The judgment ordered reformation of the various warranty deeds to reflect that the real property shall be subject to a life estate for the lives of the Yanos and upon the death of the survivor, the remainder interest in the real property shall pass to Elaine Yano individually and in her representative capacities. The judgment set forth language pursuant to Rule 54(b), Arizona Rules of Civil Procedure. This appeal followed.

Elaine Yano argues that the trial court erred in granting judgment in favor of Hiromu and Yoshie Yano because: (1) there was a total absence of testimony that the grantors intended to reserve a life estate in the subject property, (2) there was a total absence of testimony as to any understanding between the grantors and appellant as to the grantors' intent, (3) reformation of the warranty deeds created a result exactly opposite of the declared intent of the grantors and (4) the deeds executed by Chester Yano could not be reformed because he was not a party in the lawsuit.

## SUFFICIENCY OF THE EVIDENCE

We first consider whether there was evidence to support a finding that Hiromu and Yoshie Yano intended to retain a life estate in their property.

Elaine Yano points out that the intent of the parties to a deed is generally held to be the deed language itself in the absence of clear and convincing evidence to the contrary. *Berger v. Bhend*, 79 Ariz. 173, 179, 285 P.2d 751, 754 (1955); *Corn v. Branche*, 74 Ariz. 356, 358, 249 P.2d 537, 538 (1952). She contends that the Yanos failed to sustain this burden of proof.

Since the weight to be given to evidence is peculiarly within the province of the trial court, it is the trial court and not this court that draws the distinction between evidence which is clear and convincing and evidence which merely preponderates. *Webber v. Smith*, 129 Ariz. 495, 498, 632 P.2d 998, 1001 (App.1981). This court must review the evidence in a manner most favorable to sustaining the judgment and if there is evidence to support the judgment, it will not be disturbed. *Magna Investment & Development Corp. v. Brooks Fashion Stores, Inc.*, 137 Ariz. 247, 249, 669 P.2d 1024, 1026 (App.1983); *K & K Manufacturing, Inc. v. Union Bank*, 129 Ariz. 7, 9, 628 P.2d 44, 46 (App.1981). In apparent recognition of this well-established standard of review, appellant contends that there is a total absence of evidence to support a finding that the Yanos intended to retain a life estate in their property.

The major portion of appellant's brief identifies evidence which would arguably support her contention that the Yanos intended to convey a fee simple estate. However, it is not the prerogative of this court to weigh the evidence. *Van Emden v. Becker*, 6 Ariz.App. 274, 275, 431 P.2d 915, 916 (1967). Rather we must determine whether there is any evidence to support the trial court's judgment. We conclude that the record belies appellant's contention that there was no evidence to support a finding that the Yanos intended to convey a lesser interest.

Yoshie Yano's testimony indicates that she did not understand the legal implications of the term "life estate." Hiromu Yano's testimony reveals an even greater difficulty in understanding the legal implication of deeds and in communicating in

the English language. Nevertheless, both Yoshie and Hiromu clearly stated that at the time they deeded away their property they wanted to receive the income from the land during their lifetime and have their children receive the land after their deaths.

The Yanos' accountant testified that he had advised them that they could receive the income from their properties during their lifetimes and that the land could not be sold during their lifetimes without their signatures. He also stated that he provided the deed forms which he thought would accomplish that result. The Yanos relied upon their accountant's advice in executing the deeds and believed they had reserved control over the property during their lifetimes.

Henry Yano, another son of Hiromu and Yoshie and a grantee of some of the deeds, testified that he understood that his parents wanted to retain the income from the property during their lifetimes. Further, appellant Elaine Yano admitted that it was her original understanding that the deeds represented an inheritance which would be received after the deaths of her father-in-law and mother-in-law.

There was also substantial testimony that from the time the initial deeds were executed in 1976 until March of 1981, Hiromu and Yoshie Yano had treated the property as if the warranty deeds had conveyed only a remainder interest to the grantees. During that period of time the Yanos received all the income and paid all taxes on the property. During that same period of time, none of the grantees asserted any right to the income from that property.

We conclude that the evidence is more than sufficient to support the trial court's conclusion that Hiromu and Yoshie Yano intended to retain the rental income from their property during their lifetimes and ensure that the property could not be sold without their consent.

## UNILATERAL MISTAKE

Elaine Yano next argues that the absence of evidence showing an agreement between the senior Yanos and their grantees reserving a life estate to the Yanos precludes reformation of the deeds. In this regard, she argues that at most there was evidence that Yoshie Yano, her sons and another daughter-in-law had agreed that the senior Yanos could receive rent from the property. However, she claims that there was no evidence that the Yanos would retain the other incidents of a life estate and no evidence that any agreement had been reached between the senior Yanos and Elaine Yano when they executed a warranty deed in her behalf.

She argues that any mistake was a unilateral mistake on the part of the grantors. She then contends that reformation of a document is unavailable where the mistake is unilateral in the absence of fraud, inequitable conduct by the other party or knowledge by one party of the other party's mistake. In support of this argument she cites *Isaak v. Massachusetts Indemnity Life Insurance Co.*, 127 Ariz. 581, 623 P.2d 11 (1981).

*Isaak v. Massachusetts Indemnity Life Insurance Co.* involved reformation of an insurance contract, and the rule it sets forth with respect to unilateral mistake is well-settled where the transaction involves a contract. While we find no Arizona case law directly in point, it is generally held that this rule is not applicable with respect to a voluntary conveyance. As one commentator has stated:

In the second general type of mistake connected with gifts, the gift perfected was not the gift intended by the donor. Usually this occurs through mistake in expression; for example, the grantor intended to convey a life estate to the donee, but by mistake in the language used the deed transferred title in fee simple. Reformation always will be available to the grantor in such circumstances, in the absence of some special defense such as change of position or bona fide purchase. Moreover, unilateral mistake of the donor is all that is required. The common statement that mutual mistake must be present to justify reformation of a contract is not accu-

rate for that situation, and is not relevant for mistake in the expression of a gift. The aim of reformation of a contract is to express in the writing the agreement the parties reached and intended to express in the writing. The aim of reformation of an instrument of gift is to express in the writing the gift the donor intended to so express.

IV G. Palmer, *The Law of Restitution* § 18.2 at 9–10 (1978) (footnote omitted).

■ The rule that reformation may be granted on the application of the grantor of a voluntary conveyance on the basis of unilateral mistake has been recognized in numerous jurisdictions and, under such circumstances, it is immaterial whether the grantee is cognizant of the mistake. *See e.g., Kemna v. Graver,* 630 S.W.2d 160, 161 (Mo.App.1982); *Davidson v. Lane,* 566 S.W.2d 891, 892 (Tenn.App.1978); *Westcott v. Westcott,* 259 N.W.2d 545, 548 (Iowa App.1977). *See generally* Annot., 128 A.L.R. 1299, 1302 (1940); 66 Am.Jur.2d *Reformation of Instruments* § 45 (1973); 76 C.J.S., *Reformation of Instruments* § 10 (1952). *See also* Restatement (Second) of Restitution § 5, comment (a) and § 8 (Tent. Draft No. 1, 1983). We find the rationale of these authorities persuasive and hold that the grantors' unilateral mistake was a sufficient ground for the court to reform the voluntary conveyances involved in this appeal.

## TAX CONSEQUENCES OF THE LIFE ESTATE

Appellant next argues that by reforming the deeds, the trial court created a result exactly opposite to the declared intent of Hiromu and Yoshie Yano. She argues that the Yanos' intent in conveying the property was to avoid estate taxes. She then states that under the applicable provisions of the Internal Revenue Code, a conveyance of the remainder interests in the property would not effectuate this intent. No evidence was introduced at trial as to applicable provisions of the Internal Revenue Code nor was there any testimony as to the tax implications of the Yanos' attempted transfer of the remainder interest while retaining a life estate in the real property. A review of the testimony of the Yanos' accountant demonstrates that he was totally incompetent to answer questions relating to this issue. Therefore, we will not consider this argument on appeal.

## DEEDS FROM CHESTER YANO

Elaine Yano's final argument was raised for the first time on appeal. She points out that some of the deeds subject to reformation were deeds in which the grantee was Chester Yano, another son of Hiromu and Yoshie. Apparently, Hiromu and Yoshie originally conveyed the property to Chester, who in turn conveyed it to Tom, Elaine and to Tom as guardian of their daughter, Jill. Elaine now contends that since Chester Yano did not appear in the lawsuit, the trial court was without authority to reform the deeds. She cites no authority for this position.

■ Generally, this court will not address an issue raised for the first time on appeal. *See Brown Wholesale Electric Co. v. Safeco Insurance Co.,* 135 Ariz. 154, 158, 659 P.2d 1299, 1303 (App.1982). However, the absence of an indispensable party, while not jurisdictional, has nevertheless been held so fundamental that it may be raised for the first time on appeal. *See City of Flagstaff v. Babbitt,* 8 Ariz.App. 123, 127, 443 P.2d 938, 942 (1968). *See also Siler v. Superior Court,* 83 Ariz. 49, 54, 316 P.2d 296, 300 (1957). Appellant's argument is not expressed in terms of absence of an indispensable party. Nevertheless, it appears that this is the substance of her claim.

Rule 19, Arizona Rules of Civil Procedure, provides in pertinent part:

(a) ... A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the

disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. . . .

A thorough discussion of Rule 19 is contained in *City of Flagstaff v. Babbitt,* 8 Ariz.App. at 126–29, 443 P.2d at 941–43, in which this court held that whether a party is indispensable is a pragmatic determination to be made in the context of particular litigation. Our supreme court has stated that the test for indispensability is "whether the absent person's interest in the controversy is such that no final judgment . . . can be entered which will do justice between the parties actually before the court, without injuriously affecting the rights of others not brought into the action." *Bolin v. Superior Court,* 85 Ariz. 131, 134–35, 333 P.2d 295, 297 (1958) (quoting *Barron & Holtzoff, Federal Practice & Procedure* § 512 (1961)). *See also King v. Uhlmann,* 103 Ariz. 136, 150, 437 P.2d 928, 942 (1968).

Testimony in the instant case established that Hiromu and Yoshie Yano had not intended to deed fee simple interests to any of their grantees, including Chester Yano. The parties to this appeal apparently agree that Chester Yano's interest in the subject property resulted from a voluntary conveyance to him by his parents. There is no testimony with respect to Chester Yano's intent in deeding portions of his gift to Tom, Elaine and Jill Yano respectively. No evidence was presented that Tom, Elaine or Jill purchased the land from Chester. The deeds from Chester were in evidence and indicate that he conveyed all his interest in the subject property. Therefore, it is clear that at the time of trial he had no interest in the land which was the subject of the litigation.

In reforming Elaine's interest individually and in her representative capacity in the deeds which she received from Chester Yano, the trial judge necessarily determined that Chester Yano's prior interest

had been a remainder interest. We have not found Arizona appellate decisions dealing with an analogous factual situation. However, other jurisdictions have considered whether a predecessor in title who was a party to the conveyance in which the original error occurred is an indispensable party in a suit to reform a deed to a later grantee. The majority of such jurisdictions have held that reformation may be sought without joining a party to the original mistake where it appeared that such party no longer had an interest in the property. *See e.g., Williamson v. Cline,* 333 So.2d 790, 794–95 (Ala.1976); *Shaffer v. Dalrymple,* 507 S.W.2d 65, 70 (Mo.App.1974); *Allen B. Du Mont Laboratories, Inc. v. Marcalus Manufacturing Co.,* 30 N.J. 290, 299–300, 152 A.2d 841, 846 (1959). *See generally* 66 Am.Jur.2d *Reformation of Instruments* § 100 at 632 (1973); 76 C.J.S., *Reformation of Instruments* § 70 at 425 (1952).

In *City of Flagstaff v. Babbitt, supra,* this court cited with approval the following statement in 2 *Barron & Holtzoff, Federal Practice & Procedure* § 513.4 at 114–15 (1961):

A person who has no right, title, or interest in the realty which is the subject of suit is not an indispensable party to the suit.

It is uncontested that Chester Yano had previously transferred any interest he had in the subject property to the defendants who were before the court. It therefore follows that Chester Yano had no subsisting interest in the property at the time of trial. Therefore, we conclude that Chester was not an indispensable party to this litigation and the trial court could reform the deeds by which he voluntarily conveyed his interest from his parents to Tom, Elaine and their child.

The judgment of the trial court is affirmed.

BROOKS and EUBANK, JJ., concur.