791 P.2d 1101

**Caryle JOHNSON, Plaintiff–Appellant,**

v.

**Donald BRIMLOW and Rita Brimlow, husband and wife, Defendants–Appellees.**

**No. 1 CA–CV 89–034.**

Court of Appeals of Arizona, Division 1, Department E.

May 17, 1990.

Mary Fay, Santa Ana, Cal., for plaintiff-appellant.

Lenkowsky & Knochel by Paul Lenkowsky, Bullhead City, for defendants-appellees.

## OPINION

VOSS, Judge.

Appellant, Caryle Johnson was the plaintiff below in this action. The defendants were Al Johnson, her former husband, and Donald Brimlow and his wife, Rita Brimlow. From a judgment favoring defendants following a bench trial, Johnson appeals. We affirm and impose attorney's fees and sanctions for a frivolous appeal.

## BACKGROUND

Because this is an appeal from a judgment following trial, we set forth the facts in the light most favorable to upholding the judgment. *Yano v. Yano*, 144 Ariz. 382, 384, 697 P.2d 1132, 1134 (App.1985). In 1975, the Brimlows desired to purchase some real property in Bullhead City, Arizona, on which was located a lounge called "Brandy's Cocktail Lounge." Donald Brimlow approached Al Johnson, his friend, to help make the down payment of $30,000. Johnson agreed to provide the $30,000. In return, Brimlow agreed: (1) that he would pay Johnson $15,000; and, (2) that the Johnsons would receive half of the proceeds upon later sale of the real property. Brimlow and Johnson agreed that the Brimlows would make all subsequent payments toward the purchase and would pay all taxes and insurance on the real property. Brimlow and Johnson also agreed that the Johnsons would not be involved in the operation, nor share in the profits or losses of the business.

The property was purchased, as acknowledged by a written sales agreement signed by all the pertinent individuals. The Brimlows began operating Brandy's, paid the Johnsons the agreed $15,000, made all subsequent payments toward the purchase price, and paid the taxes and insurance.

Subsequent to their initial agreement and purchase of the property, Al Johnson approached Donald Brimlow and requested that Brimlow file tax returns showing that the Johnsons and Brimlows operated the business as equal partners. Johnson requested this because he earned substantial income from other enterprises, which he wanted to offset by losses from Brandy's. Brimlow acceded and filed returns for several years showing the business as a partnership. Brimlow testified that the only reason he reported Brandy's as a partnership was to help Johnson. Brimlow also testified that he later filed amended returns showing the business as a sole proprietorship.

In 1979, the Johnsons were divorced in California with the court awarding appellant "one-half of all proceeds received by the parties from the sale of the property commonly described as Brandy's Cocktail Lounge located in Bullhead City, Arizona." In 1983, appellant filed this action against Al Johnson and the Brimlows alleging that the Johnsons and Brimlows were partners in both the real property and the business, Brandy's.

None of the defendants disputed that there was a partnership as to the real property. During the pendency of the action the court ordered the real property sold and the proceeds divided evenly, 25% each to appellant and Al Johnson, and 50% to the Brimlows. Thereafter, a one-day bench trial was held. Neither appellant nor Al Johnson attended the trial and Donald Brimlow was the only witness to testify on the underlying issues. Two other witnesses testified, both certified public accountants, but their testimony is irrelevant to the disposition of this appeal. As a result, there was no testimony rebutting Brimlow's account of the agreement. The only evidence in the record supporting appellant's allegation that she and Al Johnson were partners in the business was the tax

returns. However, Brimlow's explanation of the returns was undisputed.

Consistent with its earlier order directing the sale of the real property, the court ruled that there was a partnership with respect to the real property. As to the business the court ruled that there was no partnership between the Brimlows and Johnsons. The court further ruled that even if there had been such a partnership, appellant's action was barred by laches.

## DISCUSSION

On appeal, appellant argues that the trial court erred: 1) by holding in the alternative that appellant's claims against the business interest were barred by laches; 2) in failing to include fixtures and equipment as elements of the property partnership; 3) in allowing the Brimlows "credits" either regarding the operation of the business, or the property partnership; and, 4) in failing to find that the Brimlows breached a fiduciary duty to account to the other partners.

### Business Partnership Versus Property Partnership

Before reaching the items claimed as error by the appellant, we must comment on whether the trial court correctly found that there was no partnership as to the business, but that there was a partnership concerning the real property.

Based on its judgment and findings, it is evident that the trial court believed Donald Brimlow's testimony and therefore held that there was no business partnership. It was the function of the trial court to resolve the conflict between the tax returns and Donald Brimlow's testimony. *See Yano,* 144 Ariz. at 384, 697 P.2d at 1134 (weight to be given evidence peculiarly within province of trial court).

Because there is substantial evidence in the record to support the trial court's decision, and that decision is not clearly erroneous, we would affirm the holding that there was no partnership in the business. *See Whittemore v. Amator,* 148 Ariz. 173, 175, 713 P.2d 1231, 1233 (1986) (appellate court concerned with whether established facts reasonably support trial court's judgment).

However, we need not directly reach this issue as appellant expressly conceded this holding in her appellate brief, and again through her attorney during oral argument. Appellant contends that her theories of recovery stem solely from the property partnership. We discuss the issue here because despite her admission that the trial court's holding was not error, appellant continues to raise, or at least imply, the erroneous nature of this holding throughout her argument.

### Laches

Appellant argues that the court erred in finding her action barred by laches. The trial court clearly offered its ruling regarding laches as an alternative to the ruling concerning the lack of a business partnership. Appellant concedes that she does not have an interest in the business. Therefore, any argument regarding the merits of the alternative ruling is moot and frivolous.

Appellant's belief that the trial court's alternative ruling might relate to its holding regarding the property partnership is a similar exercise in futility. By holding that a real property partnership existed and awarding appellant her interest, the court necessarily precluded itself from finding that claim was barred by laches, or any other equitable defense. Moreover, neither the trial court's order, nor the record, indicate that it considered laches in the context of the real property partnership.

### Fixtures and Equipment

Appellant complains that, while the trial court correctly found that a partnership existed as to the real property, it nonetheless erred by not including fixtures and equipment as elements in the property partnership. Her brief fails to specify any chattels she claims to have been transformed into fixtures and how that occurred. Instead she merely makes the broad claim that "[t]he evidence presented can infer only one conclusion, that the fixtures and equipment were annexed to the real property and hence owned by the real property partnership." This type of unsup-

ported generalization has been previously condemned:

> We wish to say, however, counsel for appellant are guilty of making sweeping statements in their briefs as to what the evidence shows without taking the least pains to quote such evidence or indicate where in the record it can be found. This is not conforming with the court's rules, made to be observed and not ignored.

*Lazear v. Pendergrass,* 39 Ariz. 111, 116, 4 P.2d 386, 388 (1931); *see also Midas Muffler Shop v. Ellison,* 133 Ariz. 194, 199, 650 P.2d 496, 501 (App.1982) (sanctions appropriate where counsel's arguments are conclusory statements unsupported by facts of case).

■ For a chattel to become a fixture, there must be evidence that it was attached to the real property with the intent that it become a part thereof, *Murray v. Zerbel,* 159 Ariz. 99, 101, 764 P.2d 1158, 1160 (App. 1988), or there must be an agreement between the parties that it be treated as a fixture. *Voight v. Ott,* 86 Ariz. 128, 133, 341 P.2d 923, 926 (1959).

Appellant cited no evidence in the record that any chattel became a fixture either through attachment or agreement of the parties. Furthermore, appellant failed to cite any evidence that items which may have been fixtures were not sold along with the realty, for which she was paid under the court-ordered sale.

### "Credits"

Appellant contends that the Brimlows were not entitled to any "credits" because, she claims, they were unsubstantiated by supporting documentation. However, she fails to specify what she means by this contention and again leaves the court to speculate. In some instances it appears that appellant is complaining of "credits" regarding the operation of the business. If this is her contention it is inconsistent with her admission that the court correctly concluded she was not a partner in Brandy's and is entitled to nothing from its operation.

If appellant is actually complaining about "credits" regarding the real property partnership, this has no more merit than the other possibility. The partnership relationship is one of contract. *G & S Investments v. Belman,* 145 Ariz. 258, 267, 700 P.2d 1358, 1367 (App.1984). The partners are free to make their own agreement for division of partnership profits. *Id.*

In the present case, the agreement between Donald Brimlow and Al Johnson provided that the Johnsons' profits from the real property partnership would be limited to an equal share of the proceeds from the sale of the property and that the Brimlows would be responsible for all intervening expenses.

Appellant received her share of the profits pursuant to the court's order directing the sale of the property. The order authorizing the sale and distributing the proceeds does not reduce the proceeds by any intervening expenses. Any expenses, as well as rents and profits, incurred in the interim were solely the province of the Brimlows. Appellant's argument is without merit.

### *Partner's Fiduciary Duty to Account*

■ Finally, appellant complains that the court erred by not imposing damages against the Brimlows for breaching their fiduciary duty to account to the other partners. It must be repeated that appellant concedes she had no partnership interest in the business. Therefore, appellant could not possibly claim that the Brimlows were required to account to her for the business. As to the real property partnership, appellant's sole right pursuant to the agreement between Donald Brimlow and Al Johnson was to share in the proceeds from the sale, which she received pursuant to the court-ordered sale. Because she was not entitled to any profits prior to the sale of the real property, she could not have been damaged by any alleged failure to account.

### SANCTIONS

■ Rule 25, Arizona Rules of Civil Appellate Procedure allows appellate courts to sanction, or otherwise punish, offending

parties and their attorneys for frivolous appeals. Frivolous appeals are not new or novel theories raised upon colorable claims, *Price v. Price,* 134 Ariz. 112, 114, 654 P.2d 46, 48 (App.1982), nor positions on appeal that simply fail to prevail. *Hoffman v. Greenberg,* 159 Ariz. 377, 380, 767 P.2d 725, 728 (App.1988). Instead, a frivolous appeal is one brought for an improper purpose or based on issues which are unsupported by any reasonable legal theory. *Arizona Tax Research Assoc. v. Department of Revenue,* 163 Ariz. 255, 787 P.2d 1051, 1054 (1989).

■■■■ We do not believe that the present appeal was brought for an improper purpose. However, we do believe that the appeal is nonetheless frivolous for its failure to raise any reasonable issue regarding a meritorious claim. Much of appellant's argument is meaningless, given her concession that the trial court correctly held that she was not a partner in the business. What remains is a confusing array of assertions variously, and at times simultaneously, foisted upon incorrect propositions of law and completely unsupportable factual conclusions.

We note that frivolous appeals waste the time and energy of the opposing parties and the resources of this court. *Mother Tucker's Food Experience v. Industrial Comm'n,* 142 Ariz. 496, 501, 690 P.2d 797, 802 (App.1984). More importantly the attorney has a specific duty to avoid claims for which there is no justification. E.R. 3.1, and comment, Rule 42, Supreme Court Rules.

While we do not impose sanctions lightly, we believe sanctions against appellant's attorney are appropriate.

## CONCLUSION

Appellees have requested attorney's fees on appeal pursuant to A.R.S. § 12–341.01. As the underlying issues arise from an alleged partnership agreement, we employ our discretion and grant appellees' request for attorney's fees against appellant. As a sanction for filing a frivolous appeal, appellees' attorney's fees are also awarded against appellant's attorney, Rule 25, Arizona Rules of Civil Appellate Procedure. Appellees may establish the amount of the request pursuant to Rule 21, Arizona Rules of Civil Appellate Procedure.

The judgment of the trial court is affirmed.

EUBANK, P.J., and SHELLEY, J., concur.