NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

DARLENE FEES, a single woman, *Plaintiff/Appellee,*

*v.*

WAYLEN OTTO EDWARD FEES, *Defendant/Appellant.*

No. 1 CA-CV 14-0505
FILED 10-20-2015

---

Appeal from the Superior Court in Maricopa County
No. CV2012-070245
The Honorable Eileen S. Willett, Retired Judge

**VACATED AND REMANDED IN PART; AFFIRMED IN PART**

---

COUNSEL

Faith, Ledyard & Faith, PLC, Avondale
By Barry M. Aylstock, David E. Ledyard
*Counsel for Plaintiff/Appellee*

Collins & Collins, LLP, Phoenix
By C. Robert Collins
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Patricia A. Orozco joined.

---

**P O R T L E Y**, Judge:

¶1          Waylen Otto Edward Fees ("Son") appeals from the grant of summary judgment and award of attorneys' fees in favor of Darlene Fees ("Mother"), on her claims for declaratory action, quiet title, deed reformation, and breach of contract/guaranty.  Finding questions of fact exist, we vacate the judgment in favor of Mother on the claims for declaratory action, quiet title, and deed reformation as well as the award for attorneys' fees.  We affirm the judgment for breach of contract/guaranty.

## BACKGROUND

¶2          Mother filed a complaint seeking to void a quit claim deed granting Son an ownership interest in Mother's house.  Mother alleged she wanted her house to go to Son upon her death and intended to sign a beneficiary deed to that effect.  However, she actually signed a quit claim deed giving Son an immediate ownership interest in the house.  Mother asked Son to reconvey the property, but he refused.  Mother then filed a complaint seeking declaratory relief, quiet title, and alleging fraud/mistake as to the deed.[1]  Son filed an answer, denying any knowledge of Mother's intent regarding the deed to the house.

¶3          Mother filed a motion for partial summary judgment based on her alleged mistake in signing the quit claim deed.  In his response, Son included an affidavit from the notary who prepared the deed stating that Mother was aware of the difference between the quit claim and beneficiary deeds, and intentionally chose to sign the quit claim deed instead of the beneficiary deed.  Son claimed not to have any knowledge of Mother's intent in creating the quit claim deed.  The trial court found there were genuine issues of material fact, which precluded granting partial summary judgment.

¶4          Mother subsequently filed an amended complaint, adding a claim for reformation of the deed.  When Son did not file an amended answer, Mother filed an application for default.  After advising the parties that the trial court would take no action on the application for default, Son filed a "motion to set aside default judgment against [Son]," apparently

---

[1] The complaint also alleged other claims.  Mother voluntarily dismissed some and others are not relevant to this appeal.  We will discuss her claims for breach of contract/guaranty and common law indemnity relating to a student loan debt later in this decision.

misunderstanding the procedural posture of the case. In a minute entry, the trial court noted Son's motion to set aside was moot because no default had been entered, and ordered Son to file an answer to the amended complaint within twenty days.

¶5 Son did not file an amended answer, but filed a pleading entitled "initial motion to disqualify counsel in violation of ethical rules, motion to dismiss, response to amended complaint" ("September 18th motion"). Son argued the amended complaint should be dismissed on several grounds. Over Son's objection, the court granted Mother's request to designate the September 18th motion as one for summary judgment. Mother submitted a response to the September 18th motion and a cross-motion for summary judgment, arguing that as a result of Son's failure to respond to requests for admission, all requests were deemed admitted and Mother was, therefore, entitled to summary judgment on her claims for declaratory action, quiet title, fraud/mistake, and reformation of the deed.[2]

¶6 The trial court concluded that no genuine issues of material fact precluded summary judgment on Mother's claims for declaratory judgment, quiet title, and deed reformation. The court found the quit claim deed was void, and Son had no interest in the house. The court also entered judgment in favor of Mother on the breach of contract/guaranty claim relating to her payment of Son's student loan.[3] Mother was awarded attorneys' fees pursuant to Arizona Revised Statutes ("A.R.S.") sections 12-1103 (attorneys' fees statute for quiet title actions) and 12-341.01 (attorneys' fees statute for contract actions).[4]

¶7 Son filed a motion to set aside the judgment and award of attorneys' fees, arguing the September 18th motion attempted to respond to the amended complaint and that questions of material fact still existed when Mother filed her second motion for summary judgment. The court denied the motion to set aside, and entered judgment affirming the earlier judgment and awarding Mother $53,437.11 in attorneys' fees and costs.

¶8 Son filed a notice of appeal from the judgment. The judgment, however, did not contain the certification required by Arizona Rule of Civil Procedure ("Rule") 54(c); therefore, an amended judgment

---

[2] The cross-motion also sought summary judgment on the breach of contract/guaranty and indemnity claims.

[3] The court dismissed the fraud/mistake and indemnity claims.

[4] We cite to the current version of the statute unless otherwise noted.

was entered pursuant to this court's October 30, 2014 order. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

**DISCUSSION**

**¶9**         We review the grant of summary judgment de novo, viewing the facts in the light most favorable to the party opposing the motion. *Andrews v. Blake,* 205 Ariz. 236, 240, ¶ 12, 69 P.3d 7, 11 (2003). Summary judgment is appropriate only if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a).

## I.    Declaratory Action, Quiet Title, and Deed Reformation Claims

**¶10**         Mother argued that she mistakenly signed the quit claim deed instead of the beneficiary deed. Pursuant to *Yano v. Yano,* 144 Ariz. 382, 386, 697 P.2d 1132, 1136 (App. 1985), deed "reformation may be granted on the application of the grantor of a voluntary conveyance on the basis of unilateral mistake." *Yano* held that "it is immaterial whether the grantee is cognizant of the mistake." *Id.* Thus, if there is no issue of fact regarding Mother's intent or mistake, then she is entitled to reformation as a matter of law.

**¶11**         Mother argues there is no question of fact because Son is deemed to have admitted that she intended to sign a beneficiary deed by failing to respond to the request for admission. *See* Ariz. R. Civ. P. 36(a) (matter is deemed admitted if answering party fails to file a response or objection). However, his admission alone does not entitle Mother to summary judgment because Son's knowledge of Mother's mistake is immaterial. *See Yano*, 144 Ariz. at 386, 697 P.2d at 1136.

**¶12**         The notary's affidavit stated Mother was not mistaken when she signed the quit claim deed. The affidavit created a material issue of fact. Son offered the notary's affidavit in response to the first motion for partial summary judgment but did not refer to it in his September 18th motion. Son referred to the affidavit when responding to Mother's motion to treat his September 18th motion as a motion for summary judgment but failed to set forth the specific statements in the notary's affidavit regarding Mother's intent. Son concedes that he may not have offered this evidence in a procedurally correct manner.

**¶13** Mother argued in her brief that the court should not have to search the record to discover facts to defeat the summary judgment motion. *See Mast v. Standard Oil Co. of Cal.,* 140 Ariz. 1, 2, 680 P.2d 137, 138 (1984).[5] However, at the appellate oral argument, she conceded the trial court should have reviewed the entire record to determine whether Mother was entitled to summary judgment as a matter of law. *See Schwab v. Ames Constr.,* 207 Ariz. 56, 60, ¶ 15, 83 P.3d 56, 60 (App. 2004) (citation omitted). We agree.

**¶14** Although Mother argues there was no genuine issue of material fact, even with the notary's affidavit, we disagree. Mother's second motion for summary judgment merely relied on the admissions resulting from Son's failure to respond. She did not address the affidavit containing the notary's statement that Mother intentionally chose to sign the quit claim deed. The notary's affidavit, as a result, created the genuine issue of material fact that precluded summary judgment. *See Nat'l Bank of Ariz. v. Thurston*, 218 Ariz. 112, 119, ¶¶ 28-29, 180 P.3d 977, 984 (App. 2008) (the movant must demonstrate there is insufficient evidence in the record of any affirmative defense before being entitled to summary judgment).

**¶15** Mother argues that allowing Son to rely on the earlier affidavit defeats the purpose of the subsequent discovery. Son's admissions did not, however, refute the notary's affidavit. The notary's affidavit created a question of fact as to Mother's intent when she signed the deed, and was properly in the record. Nothing in Mother's second motion for summary judgment refuted the affidavit. Therefore, Mother was not entitled to summary judgment. Accordingly, we vacate the

---

[5] Mother also cites *Tilley v. Delci,* 220 Ariz. 233, 236-37, ¶¶ 9-11, 204 P.3d 1082, 1085-86 (App. 2009), in which a party failed to include discovery responses or other competent evidence in response to the motion for summary judgment. *Tilley* noted that to the extent the court was required to search the record to discover evidence of disputed factual issues, the trial court could not have found the opposing party's discovery responses because they were not in the court record. *Id.* at 237, ¶ 10, 204 P.3d at 1086. This case is distinguishable from *Tilley* because, unlike the discovery responses which were not in the court record, the notary's affidavit was included in Son's response to the first motion for partial summary judgment and was also referred to in response to Mother's motion to designate.

judgment on claims 1 (declaratory judgment), 2 (quiet title), and 9 (deed reformation).

## II. Breach of Contract/Guaranty

**¶16** Son's opening brief does not raise any issues on appeal regarding the judgment for the breach of contract/guaranty claim. In the conclusion of his opening brief, he admits that "Mother paid some of his [] loan and that he fully intended to repay her" and that he only wanted proof of how much she paid, but never contests the judgment. Nonetheless, Son asks this court to "set aside *all judgments*" and remand for a new trial. Having failed to raise any arguments relating to the breach of contract/guaranty claim in his opening brief, Son is not entitled to relief from that portion of the judgment. *See* ARCAP 13(a)(6), (7); *Ritchie v. Krasner,* 221 Ariz. 288, 305, ¶ 62, 211 P.3d 1272, 1289 (App. 2009). Therefore, we affirm the judgment in favor of Mother on the breach of contract/guaranty claim.

## III. Attorneys' Fees

**¶17** Mother was awarded attorneys' fees pursuant to A.R.S. §§ 12-1103 and 12-341.01. We have just vacated the judgment on the claims arising out of the deed dispute, though Mother has prevailed on the breach of contract/guaranty claim and is still entitled to the portion her attorney's fees related to that claim pursuant to § 12-341.01. If Mother prevails on the deed dispute claims on remand, she may be entitled to an award of fees under § 12-1103(B); if Son prevails on the deed claim, the trial court will have to reconsider its award of attorneys' fees. Accordingly, we vacate the award of attorneys' fees and remand for reconsideration upon resolution of the claims related to the deed dispute.

**¶18** On appeal, Mother requests that she be awarded her attorney's fees under A.R.S. §§ 12-341.01, 12-1103 and ARCAP 21. Son also asks for an award of attorney's fees. In light of our disposition and in the exercise of our discretion, each party shall bear his or her own costs and attorneys' fees on appeal.

**CONCLUSION**

**¶19** We affirm the judgment in favor of Mother on the breach of contract/guaranty claim. The judgment on the claims for declaratory action, quiet title, deed reformation, and the attorneys' fees award is vacated, and this case is remanded for further proceedings consistent with this decision.



**Ruth A. Willingham** · **Clerk of the Court**
**F I L E D :** ama