654 P.2d 46

**In re the Marriage of Patsy Ann PRICE, Petitioner-Appellee,**

**v.**

**James Curtis PRICE, Respondent-Appellant.**

**No. 1 CA–CIV 5791.**

Court of Appeals of Arizona, Division 1, Department D.

Oct. 28, 1982.

Fenton J. McDonough, Scottsdale, for appellant.

Duecy, Moore, Robinson & Bennett by Lewis B. Moore, Jr., Scottsdale, for appellee.

## OPINION

MEYERSON, Judge.

In this appeal from an order denying a motion to set aside a foreign judgment, we must decide whether a Kentucky divorce decree fixing property rights is entitled to full faith and credit against a conflicting Arizona divorce decree obtained by constructive service. Because the resolution of this question is squarely and dispositively controlled by *Estin v. Estin*, 334 U.S. 541, 68 S.Ct. 1213, 92 L.Ed. 1561 (1948), we award attorney's fees to appellee in the amount of $500 pursuant to Rule 25, Ariz.R.Civ.App.P.

Appellee Patsy Ann Price was granted a divorce from bed and board in Kentucky on June 30, 1971. The divorce decree incorporated a property settlement agreement entered into by the parties which required appellant, James Curtis Price, to pay Mrs. Price $20 per child per week as support and maintenance for the parties' three children. The Kentucky divorce was obtained by personal service upon Mr. Price in Kentucky where both parties resided.

Mr. Price moved to Arizona and on February 22, 1973, obtained a decree of divorce in Maricopa County Superior Court. The Arizona decree incorporated the same property settlement provided for in the Kentucky divorce decree. Mr. Price served Mrs. Price by registered mail in Kentucky and thus never obtained personal service upon her; Mrs. Price never appeared in the Arizona action.

Subsequently, the Kentucky court granted Mrs. Price's motion to modify the Kentucky decree by increasing Mr. Price's payments to $35 for each child. Mr. Price appeared by counsel at the hearing on the motion for modification. On February 6, 1980, Mrs. Price obtained a lump-sum judgment from the Kentucky court in the amount of $4,950 for a deficiency representing sums due under the Kentucky divorce judgment, as modified. Mr. Price was properly served pursuant to Kentucky law; he does not contend that service was invalid.

On June 19, 1980, Mrs. Price filed the Kentucky lump-sum judgment in Maricopa County Superior Court pursuant to Arizona's Uniform Enforcement of Foreign Judgments Act. A.R.S. §§ 12–1701–1708. Thereafter, Mr. Price filed a motion to set aside the foreign judgment, arguing as he does in this appeal, that the Arizona decree superseded the previous Kentucky decree. The trial judge denied the motion to set aside the Kentucky judgment and Mr. Price brought this appeal.

■ It is uncontroverted that the Arizona decree was granted without the court having obtained personal jurisdiction over Mrs. Price. Because the Arizona divorce decree was obtained absent personal jurisdiction over Mrs. Price, an Arizona court has no power to adjudicate Mrs. Price's property rights in her Kentucky judgment. *Estin v. Estin*, 334 U.S. at 547–49, 68 S.Ct. at 1217–18. We therefore affirm the ruling of the trial court because the Kentucky judgment is entitled to full faith and credit in the courts of Arizona. *Id.; see Trujillo v. Trujillo*, 75 Ariz. 146, 252 P.2d 1071 (1953).

Mrs. Price has asked to be awarded reasonable attorney's fees pursuant to Rule 25, Ariz.R.Civ.App.P. She contends that the "appeal taken herein is completely unsupported by any law in any jurisdiction, and that the filing of the appeal, was in fact, frivolous." We agree.

■ Granting sanctions pursuant to Rule 25 is something that must be done with great caution. We are naturally reluctant to label any appeal as frivolous for fear of discouraging the filing of appeals in novel or unique cases. On the other hand, the rights of all litigants before this court are prejudiced when the court's limited resources are taken up by consideration of wholly frivolous and meritless claims. Although we will use our authority under Rule 25 with great reservation, we will not hesitate to impose sanctions on parties or their attorneys for burdening the court with completely specious appeals.

■ A rule quite similar to our Rule 25 was recently the subject of an opinion by the California Supreme Court. *In re Marriage of Flaherty,* 31 Cal.3d 637, 183 Cal. Rptr. 508, 646 P.2d 179 (1982). The California Supreme Court formulated a definition of "frivolous" which we believe adequately balances the policy in favor of peaceful resolution of disputes through our judicial system with the at times conflicting policy of penalizing those who prosecute frivolous claims. The court focused on two types of appeals—appeals brought for the purpose of securing delay and appeals brought absent any merit whatsoever.

> An appeal taken for an improper motive represents a time-consuming and disruptive use of the judicial process. Similarly, an appeal taken despite the fact that no reasonable attorney could have thought it meritorious ties up judicial resources and diverts attention from the already burdensome volume of work at the appellate courts. Thus, an appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit.

*Id.* at 516, 646 P.2d at 187. In our view, the present appeal falls into the latter category—it is totally and completely without merit.

■ We agree with the admonition of the California court that at all costs we should not deter the filing of appeals out of a fear of reprisal. Thus, an appeal that is simply without merit is not by definition frivolous. Because the line between a frivolous appeal and one which simply has no merit is fine, indeed, the power to punish attorneys or litigants for prosecuting frivolous appeals "should be used most sparingly ...." *Id.* at 517, 646 P.2d at 188.

Accordingly, the judgment of the trial court is affirmed and because we find that this appeal indisputably has no merit we award Mrs. Price attorney's fees on this appeal in the amount of $500.

HAIRE, P.J., and EUBANK, J., concur.