742 P.2d 840

**WILLOW CREEK LEASING, INC., an Arizona corporation, Plaintiff-Appellant,**

**v.**

**James R. BARTZEN III, a single man, Warren Steele, a single man, Charles E. Younckheeree, a single man, Richard A. Jacobs, as Treasurer of Yavapai County, Arizona, Defendants-Appellees.**

**No. 1 CA–CIV 9072.**

Court of Appeals of Arizona, Division 1, Department D.

July 21, 1987.

Reconsideration Denied Sept. 22, 1987.

Perry, Goodman, Drutz & Musgrove by Mark N. Goodman and Christopher Ware, Prescott, for plaintiff-appellant.

Jennings, Kepner & Haug by Jack R. Cunningham, Phoenix, for defendants-appellees.

## OPINION

BROOKS, Judge.

Plaintiff-appellant Willow Creek Leasing, Inc. (Willow Creek) appeals from the trial court's denial of its request for an award of attorney's fees against defendant-appellee Warren Steele (Steele) and the denial of its request for an award of costs against defendants-appellees Steele, James R. Bartzen III, and Charles E. Younckheeree. Willow Creek also contends that the trial court erred in failing to make findings of fact and conclusions of law. We affirm.

## FACTS

The relevant facts are not in dispute. Willow Creek is an Arizona corporation whose attorney in this action is its sole shareholder, director and officer. According to the records of the Yavapai County Treasurer, appellees Steele, Bartzen and Younckheeree were the owners of a parcel of real property in Yavapai County which was sold at a treasurer's sale to the State of Arizona for delinquent taxes in February 1982.[1] In March 1985, pursuant to A.R.S. § 42–401, Willow Creek paid the back taxes, penalties, interest and other required fees to the Yavapai County Treasurer and acquired a certificate of purchase for the property.

On April 2, 1985, Willow Creek commenced this action to foreclose any right of

---

1. *See* A.R.S. §§ 42–381 to 407 (1980 and Supp. 1986).

the record owners to redeem the property. On April 26, 1985, Steele timely redeemed the property by paying all of the accrued taxes together with the statutory interest penalty. Two months later, Steele was personally served with process in the foreclosure action. Younckheeree was served by publication and Bartzen was personally served. However, neither has appeared in this court.

Willow Creek later filed a motion for partial summary judgment seeking an award of costs and attorney's fees against Steele under A.R.S. § 42–454, which provides in pertinent part:

> At any time prior to entry of judgment foreclosing the right of redemption any person entitled to redeem under this article may redeem as in other cases, notwithstanding that an action has been commenced. *However, if redemption is made by any person who has been served personally or by publication in the action,* judgment shall be entered in favor of the plaintiff against such person for the costs incurred by the plaintiff, together with a reasonable attorney's fee to be determined by the court....

(Emphasis added.) The trial court initially granted the motion, but reversed itself on Steele's motion for reconsideration, and later entered formal judgment for Steele. Willow Creek then moved for a new trial or, alternatively, to amend the judgment, and for relief from the judgment. The trial court vacated its earlier judgment and set the matter for a "trial/hearing" which was held on May 1, 1986. At the conclusion of that hearing, the trial court denied Willow Creek's request for findings of fact and conclusions of law and reaffirmed its prior decision that Willow Creek was not entitled to an award of costs and attorney's fees in the foreclosure action. A formal judgment was entered incorporating these rulings and dismissing the foreclosure action, and this appeal followed.

## FAILURE TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW

■ Willow Creek first contends that the trial court erred in failing to honor its request for findings of fact and conclusions of law.

Rule 52(a), Arizona Rules of Civil Procedure, requires the trial court, upon the filing of a timely request therefor, to find the facts specially and state its conclusions of law only in actions *"tried upon the facts without a jury or with an advisory jury...."* (Emphasis added.) It is evident from the record that as of the date of the hearing at issue in this case, there were no disputed facts. Willow Creek used the hearing as an opportunity to introduce further evidence in support of the undisputed facts and to present additional oral argument on the same legal issues that were previously before the court. This particular hearing was in no sense an "action tried upon the facts," and although we urge trial judges to articulate reasons for their rulings, *See Hawkins v. Allstate Ins. Co.,* 152 Ariz. 490, 733 P.2d 1073 (1987), we find no reversible error in the instant case.

## ATTORNEY'S FEES AND COSTS

Willow Creek next contends that the trial court erred by not awarding it attorney's fees and costs against Steele even though Steele was admittedly not served with process until after he had redeemed the property. Willow Creek argues that A.R.S. § 42–454 does not expressly resolve the question of whether a foreclosure plaintiff must actually serve the redeeming party with process *before* the redemption in order to be entitled to recover attorney's fees and costs. It contends that proper legislative purposes can be served only by interpreting the statute to permit recovery of costs and attorney's fees against a person who redeems the subject property at any time during the pendency of the foreclosure action, as long as service of process on that person is completed before the entry of judgment.[2] Willow Creek also argues that a literal interpretation of A.R.S. § 42–454 would yield absurd results, and that this court should accordingly construe the stat-

---

2. Willow Creek states the legislative purposes as: penalizing delinquent taxpayers; encouraging purchases at tax sales; and, facilitating tax collection.

ute "liberally" and "pragmatically" in order to give effect to the legislature's intent.[3]

We summarily reject Willow Creek's arguments. In *Ring v. Taylor,* 141 Ariz. 56, 685 P.2d 121 (App.1984), we stated:

> The cardinal principle of statutory interpretation is that we must follow the plain and natural meaning of the statute to determine what the legislature intended. Words and phrases in statutes will be given their ordinary meaning unless it appears from the context or otherwise that a different meaning is intended.

*Id.* at 70, 685 P.2d at 135 (Citations omitted.) *Accord Ariz. Dep't of Revenue v. Cyprus-Bagdad Copper Co.,* 122 Ariz. 505, 596 P.2d 31 (1979). There is no occasion for construing or interpreting a statute if the meaning of the language is clear on its face, and courts will not read into a statute something that is not within the manifest intent of the legislature as gathered from the statute itself. *Collins v. Stockwell,* 137 Ariz. 416, 671 P.2d 394 (1983); *State ex rel. Smith v. Bohannan,* 101 Ariz. 520, 421 P.2d 877 (1966).

■ The clear and unambiguous language of A.R.S. § 42–454 provides that a plaintiff, in an action to foreclose rights of redemption, may only recover costs and attorney's fees against a person who redeemed the subject property *after* being served with process. The interpretation that Willow Creek advocates runs afoul of the basic rule that each word or phrase in a statute must be given meaning so that no part is rendered void, superfluous, contradictory or insignificant. *Weitekamp v. Firemen's Fund Ins. Co.,* 147 Ariz. 274, 709 P.2d 908 (App.1985). *See Campbell v. Superior Court,* 105 Ariz. 252, 462 P.2d 801 (1969).

In the final analysis, Willow Creek is simply arguing that A.R.S. § 42–454 is unreasonable and should be amended. This is an argument more properly made and presented to the legislature for its appropriate consideration.

■ Willow Creek next contends that it was independently entitled to an award of costs under A.R.S. § 12–341, which provides:

> The successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law.

It argues that it was the "successful party" because the filing of its lawsuit resulted in the payment of delinquent real property taxes. We disagree. Willow Creek paid the delinquent taxes when it paid for its certificate of purchase in 1985, before it filed the instant action. As Willow Creek acknowledged in its reply brief, its complaint sought foreclosure of rights of redemption or, in the alternative, recovery of attorney's fees pursuant to A.R.S. § 42–454 if redemption occurred before the entry of judgment. Willow Creek's action achieved neither of those objectives. It was therefore not a "successful party" and was not entitled to an award of costs.

## ATTORNEY'S FEES ON APPEAL

■ Appellee Steele has requested an award of attorney's fees on appeal pursuant to Rule 25, Arizona Rules of Civil Appellate Procedure. The rule provides in part:

> Where the appeal is frivolous or taken solely for the purpose of delay, ... the appellate court may impose upon the offending attorneys or parties such reasonable penalties or damages (including contempt, withholding or imposing of costs, or imposing of attorneys' fees) as the circumstances of the case and the discouragement of like conduct in the future may require.

It is evident to us from the record and the briefs that this is a frivolous appeal. In *Price v. Price,* 134 Ariz. 112, 654 P.2d 46 (App.1982), we noted:

> [A]n appeal should be held to be frivolous only when it is prosecuted for an improper motive—to harass the respon-

---

**3.** Many of the arguments in Willow Creek's briefs repeat verbatim the discussion contained in Goodman, "Attorney's Fees in the Tax Lien Foreclosure Action—When Are They Awardable?," 19 *Ariz.Bar Journal* No. 6. (April/May 1984), authored by Willow Creek's counsel.

dent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit.

*Id.* at 114, 654 P.2d at 48 (Citation omitted.) We conclude that any reasonable attorney would agree that this appeal is "totally and completely without merit." Only by ignoring the plain language of A.R.S. § 42–454 could we have reached the result urged by Willow Creek. In short, no judicial interpretation or construction of the statute is required.

Steele's request for an award of attorney's fees on appeal is granted upon his compliance with Rule 21, Arizona Rules of Civil Appellate Procedure.

Affirmed.

KLEINSCHMIDT, P.J., and SHELLEY, J., concur.