867 P.2d 869

**U.S. XPRESS, INC.; Southwest Motor Freight, Inc.**

v.

**ARIZONA DEPARTMENT OF TRANSPORTATION, et al.**

No. TX 93–00237.

Tax Court of Arizona.

Jan. 14, 1994.

Lalliss, Trompeter, Tanner & Hulse, P.C. by Jack B. Schiffman, Phoenix, for plaintiff.

Atty. Gen. by J.W. Ranby, Phoenix, for defendant.

OPINION

SCHAFER, Judge.

The issue the parties raised in this case is whether a mandatory late filing penalty may be waived if the taxpayer shows that he made reasonable efforts to meet the deadline, but missed it by inadvertent error. The Court, however, disposes of the case on a different point.

U.S. Xpress, Inc. and Southwest Motor Freight, Inc. are motor carriers required to file Motor Carrier Tax Reports (tax reports) in Arizona. The tax reports were due on January 25, 1992. Both companies hired Advantage Financial Group (Advantage) in Columbia, Missouri, to file several required motor carrier documents, including the tax reports required by Arizona.

Both U.S. Xpress and Southwest Freight timely prepared the tax reports and sent

them, with checks drawn in the appropriate amount, to Advantage. Advantage received the completed tax reports on January 24, 1992, but it set them aside, believing they were to be mailed with other documents due on January 31, 1992. The tax reports were not forwarded to the Arizona Department of Transportation (the Department) until January 31, 1992, six days after the due date. The Department imposed a late filing penalty on each plaintiff.

Both plaintiffs administratively appealed the assessment of the late fees and penalties. An administrative hearing was held June 23, 1992, before the Motor Vehicle Division hearing officer. On October 14, 1992, the hearing officer denied relief to the plaintiffs. Plaintiffs requested a rehearing which was denied on October 28, 1992.

■ U.S. Xpress and Southwest Motor Freight appealed to the Tax Court on June 2, 1993, over seven months after the administrative decision was final. On June 22, 1993, the Department filed a Motion to Dismiss. The Department argued that the complaint filed in the Tax Court did not state a claim for which relief could be given. In response, the plaintiffs filed a Motion for Summary Judgment arguing that an "inadvertent error" caused the late filing and, as a matter of law, the mandatory late filing penalty should not be imposed when such an error results in a late filing. The Motion for Summary Judgment was submitted on stipulated facts.[1]

The plaintiffs seek a refund of the late filing penalties arguing that the imposition of the penalties is discretionary and the Department has discretion to waive the penalty when the late filing is due to an "inadvertent error." The Department counters that the imposition of the late filing penalty is mandatory and may not be waived.

Without reaching the merits of the arguments of the parties, the Court on its own motion is dismissing the appeal filed by plaintiffs due to its untimeliness.

## ANALYSIS

■ The Tax Court has jurisdiction over all questions of law and fact relating to disputes about taxes involving the imposition, assessment or collection of a tax. A.R.S. § 12–163(A). This jurisdiction expressly encompasses, among others, taxes imposed under Title 28, including disputes regarding the Motor Carrier Tax found in A.R.S. §§ 28–1599 to –1599.13. *Ibid.* All proceedings brought in the Tax Court are "original, independent proceedings" that "shall be tried *de novo.*" A.R.S. § 12–168(A). The Department is mistaken when it argues that this Court must review the Department's actions under an abuse of administrative discretion standard. As is made clear by the pertinent statutes, this proceeding is *de novo.*

A motor carrier may either appeal an adverse ruling by the Department by filing a complaint directly in the superior court or pursuing an administrative appeal, then appealing to the superior court. A.R.S. §§ 28–1599.10 and –1559.11. Specific requirements are set forth in Title 28 regarding appeals to the superior court. The carrier may sue the director in superior court if it:

1. Pays the tax stating it is paid under protest.
2. Verifies and states the grounds for objection to the legality of the payment.
3. Pays the tax within three months after becoming due.

A.R.S. § 28–1599.11(B)(1)–(3). The motor carrier generally has one year after the payment under protest is made in which to initiate an appeal in the superior court. A.R.S. § 28–1599.11(B). However, when the motor carrier has pursued its administrative appeals and an administrative hearing was

---

1. At the hearing of this matter plaintiffs orally requested the Court to make findings of fact and conclusions of law. Not only was that request untimely, this Court is not required to make such findings and conclusions in this matter. Rule 52(a) of the Arizona Rules of Civil Procedure requires a trial court, upon the filing of a timely request, to find facts and state its conclusions of law only in actions "tried upon the facts." Here,

because the Motion for Summary Judgment was submitted on stipulated facts, there were no disputed facts requiring a Rule 52(a) determination. *Willow Creek Leasing, Inc. v. Bartzen,* 154 Ariz. 339, 341, 742 P.2d 840, 842 (App.1987). Therefore, plaintiffs' request for a formal findings of fact and conclusions of law is denied. This Court will, however, articulate its reasons for its ruling.

held, the motor carrier has only thirty days from the date of the director's decision in which to appeal to the superior court. A.R.S. §§ 28–1599.10(C) and –1599.11(E).

 Here, the plaintiffs clearly failed to file a timely appeal to this Court. Both plaintiffs pursued administrative appeals; therefore, their appeal rights are governed by section 28–1599.11(E), not section 28–1599.11(B). An administrative hearing was held on June 23, 1992. A decision in favor of the Department was rendered upholding the penalties. Administrative findings of fact and conclusions of law and a formal decision were issued October 14, 1992. Plaintiffs' request for rehearing was denied on October 28, 1992. The administrative decision became final 10 days after the denial of rehearing, on or about November 9, 1992. A.R.S. § 28–1599.10(C).

Plaintiffs were required by section 28–1599.11(E) to file an appeal of the administrative decision within thirty days of its becoming final. However, plaintiffs did not file an appeal to this Court until June 2, 1993, some six months after the thirty day appeal period expired.

### CONCLUSION

Once an administrative hearing is held and a final decision rendered in a case involving the motor carrier tax, plaintiffs have only thirty days to file an appeal to the superior court in Maricopa County. Here, plaintiffs' appeal was filed six months late. The untimeliness of the appeal requires this Court to dismiss the appeal.

IT IS ORDERED dismissing plaintiffs' appeal.

This opinion is not a final, appealable judgment; other orders will follow. See *Devenir Associates v. City of Phoenix,* 169 Ariz. 500, 821 P.2d 161 (1991).