NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MARTIN LYNCH, *Plaintiff/Appellant,*

*v.*

DAVID WEINSTOCK, JD, PH.D.; FORENSIC COUNSELING AND
EVALUATIONS - FCE, *Defendants/Appellees.*

No. 1 CA-CV 15-0319
FILED 5-19-2016

Appeal from the Superior Court in Maricopa County
No.  CV 2015-000287
The Honorable Lori Horn Bustamante, Judge

**AFFIRMED**

COUNSEL

Martin Lynch, Tempe
*Plaintiff/Appellant*

Renaud Cook Drury Mesaros, PA, Phoenix
By Michael D. Wolver, Salim A. Shleef
*Counsel for Defendants/Appellees*

## MEMORANDUM DECISION

Presiding Judge Margaret H. Downie delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Donn Kessler joined.

D O W N I E, Judge:

¶1        Martin Lynch appeals the dismissal of his malicious prosecution lawsuit against David Weinstock and Forensic Counseling and Evaluations (collectively, "Weinstock"). For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        The superior court appointed Weinstock as a Parenting Coordinator ("PC") in Lynch's ongoing family court case in April 2013. *See* Ariz. R. Fam. Law P. ("ARFLP") 74.[1] The appointment order authorized Weinstock to, *inter alia*, make recommendations to the court regarding legal decision-making and parenting time.

¶3        On January 2, 2014, Weinstock sent a report and recommendations to the court. Among other things, he recommended that the court appoint a new PC because Lynch did not respect him or his process and had threatened him in several emails. The court appointed a new PC on January 10, 2014, and it adopted Weinstock's remaining recommendations on February 24, 2014.

¶4        On June 13, 2014, Lynch filed a medical malpractice lawsuit against Weinstock, alleging that he had *ex parte* communications with the court after his appointment ended and had "pressed false charges" against Lynch. The superior court granted Weinstock's motion to dismiss for failure to state a claim upon which relief could be granted. *See* Ariz. R. Civ. P. 12(b)(6).

¶5        Approximately four months later, Appellant filed the malicious prosecution lawsuit that is at issue in this appeal. Weinstock

---

[1]     Arizona Rule of Family Law Procedure 74 was amended in 2015 and 2016, moving the parenting coordinator immunity provision from 74(K) to 74(O), but otherwise contains no changes relevant to our analysis.

again moved to dismiss under Arizona Rule of Civil Procedure 12(b)(6). After full briefing, the superior court granted the motion. This timely appeal followed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶6** We review a dismissal order under Rule 12(b)(6) *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). The superior court ruled that dismissing the malicious prosecution complaint was appropriate "for three distinct reasons." First, the court concluded Lynch failed to state a cognizable claim for malicious prosecution and failed to assert any damages. Second, the court found the lawsuit was barred by the doctrine of *res judicata* because it involved "the same parties and the same claims that were previously dismissed" in the medical malpractice litigation. Third, the court ruled that Weinstock was entitled to judicial immunity.

**¶7** We agree that Weinstock was entitled to immunity. Because that determination is dispositive, we need not reach the superior court's alternative bases for dismissal.

## I. Judicial Immunity

**¶8** "Whether judicial immunity exists is a question of law for the court." *Lavit v. Superior Court*, 173 Ariz. 96, 99 (App. 1992). Judicial immunity makes judges "absolutely immune from damages lawsuits for their judicial acts, even when such acts are in excess of their jurisdiction or are alleged to have been done maliciously or corruptly." *Burk v. State*, 215 Ariz. 6, 9, ¶ 7 (App. 2007). Judicial immunity is not limited to judges. It also "protects a non-judicial officer performing a function pursuant to a court directive related to the judicial process." *Lavit*, 173 Ariz. at 99, 101 (holding that court-appointed psychologist in domestic relations matter was entitled to judicial immunity); *see also* ARFLP 74(O) ("The parenting coordinator has immunity in accordance with Arizona law as to all acts undertaken pursuant to and consistent with the appointment order of the court."). Extending judicial immunity to such individuals is intended to remove "the possibility that a professional who is delegated judicial duties to aid the court will become a 'lightning rod for harassing litigation.'" *Lavit*, 173 Ariz. at 99 (quoting *Acevedo v. Pima Cty. Adult Prob. Dep't*, 142 Ariz. 319, 321 (1984)).

**¶9** Acknowledging the existence of judicial immunity, Lynch states in his complaint that he is "seeking relief for damages caused by

acts of malfeasance taken outside of [the] protective umbrella which ended on Jan[uary] 9, 2014." We therefore confine our review to events occurring after Weinstock's appointment terminated in January 2014, notwithstanding Lynch's discussion of earlier actions in his appellate briefing.[2]

¶10        Lynch argues that after the PC appointment ended, Weinstock "was not authorized to have any further involvement in our case what so ever [sic], and was no longer sheltered by immunity of any kind per the expired order of appointment." He specifically complains about Weinstock's telephonic appearance at a hearing in May 2014.

¶11        Lynch's argument is foreclosed by the plain language of Arizona Rule of Family Law Procedure 74(O), which grants immunity "as to all acts undertaken pursuant to and consistent with the appointment order," as well as by the family court's appointment order, which states: "The [PC] may appear and shall be available to testify at *any court hearing* . . . regarding *any issue* addressed by the [PC]." (Emphasis added.) The record reflects that Weinstock's telephonic appearance in May related to his prior service as PC. Moreover, judicial immunity is not forfeited even if actions were taken in error or in excess of authority. *See Mireles v. Waco*, 502 U.S. 9, 12–13 (1991) ("If judicial immunity means anything, it means that a judge will not be deprived of immunity because the action he took was in error or was in excess of his authority."). The superior court properly dismissed Lynch's complaint on immunity grounds.

¶12        Lynch's contention that Weinstock "aligned himself with Mother because she perfectly suited his purposes" fares no better. Claims of bias based on the performance of protected activities are not allowed because, without immunity, "these professionals risk exposure to lawsuits whenever they perform quasi-judicial duties," and a looming threat of liability may serve to "undermine objectivity and independence." *Lavit*, 173 Ariz. at 99.

---

[2]    Moreover, Weinstock's alleged failure to act on Lynch's requests to enforce court orders and remediate certain behavior is not actionable. *See Widoff v. Wiens*, 202 Ariz. 383, 385, 387, ¶¶ 7, 15 (App. 2002) (judicial immunity barred claim that guardian ad litem "failed to perform his duties").

## II.     Rule 25 Sanctions

**¶13**       Weinstock requests sanctions against Lynch for filing a frivolous appeal. Under Arizona Rule of Civil Appellate Procedure 25, we may impose sanctions if an appeal is "brought for an improper purpose or based on issues which are unsupported by any reasonable legal theory." *Johnson v. Brimlow*, 164 Ariz. 218, 222 (App. 1990). We award such sanctions sparingly because "the line between a frivolous appeal and one which simply has no merit is fine." *Price v. Price*, 134 Ariz. 112, 114 (App. 1982). Here, however, we have no difficulty concluding that Lynch's appeal — like his underlying lawsuit — is frivolous.

**¶14**       Lynch filed two lawsuits against Weinstock, both of which were dismissed for failure to state a claim upon which relief could be granted. Even assuming that the first lawsuit was not frivolous, the second one most certainly was. In the exercise of our discretion, we will award Weinstock a reasonable sum of attorneys' fees upon compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

**¶15**       We affirm the judgment of the superior court. Weinstock is entitled to recover his taxable costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama