NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ROBIN MICHAEL CHARLES, *Plaintiff/Appellant*,

*v.*

CARNEGIE FOUNDATION, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0289
FILED 5-19-2020

Appeal from the Superior Court in Maricopa County
No.  CV2018-054761
The Honorable Theodore Campagnolo, Judge

**AFFIRMED**

APPEARANCES

Robin Michael Charles, Glendale
*Plaintiff/Appellant*

Snell & Wilmer LLP, Phoenix
By Jason Ebe, Edward J. Hermes, Amanda Z. Weaver
*Counsel for Defendant/Appellee Carnegie Institution for Science*

Grasso Law Firm PC, Chandler
By Robert Grasso, Jr., N. Patrick Hall
*Counsel for Defendant/Appellee Carnegie Foundation for the Advancement of Teaching*

Jaburg & Wilk PC, Phoenix
By Alejandro Perez
*Counsel for Defendant/Appellee NRG Energy, Inc.*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Kenton D. Jones and Judge D. Steven Williams joined.

---

**B R O W N**, Judge:

¶1 Robin Charles appeals the superior court's order dismissing his lawsuit for lack of personal jurisdiction, failure to state a claim upon which relief can be granted, and failure to file within the statute of limitations. For the following reasons, we affirm.

## BACKGROUND

¶2 In July 2018, Charles filed a complaint in superior court against the "Carnegie Foundation" and related entities,[1] alleging various claims arising from an "illegal technology" used to experiment on him, including abuse of power, invasion of privacy, illegal surveillance, obstruction of justice, assault, hate crime, and defamation of character. He also sought more than $300,000 in damages. Although he amended his complaint three times, the claims essentially remained the same in each version.

¶3 Carnegie Foundation filed a motion to dismiss Charles' claims, asserting they were barred by the statute of limitations. Carnegie Foundation also requested that the superior court deem Charles a vexatious litigant. CIS moved to dismiss for failure to state a claim and lack of personal jurisdiction. NRG then sought dismissal on the same grounds.

¶4 The superior court granted all three motions on the grounds asserted and also designated Charles a vexatious litigant, stating he could

---

[1] During the course of the litigation, it was ultimately determined there were three entities who separately defended against the complaint: NRG Energy, Inc. ("NRG"), Carnegie Institution for Science ("CIS"), and Carnegie Foundation for the Advancement of Teaching ("Carnegie Foundation").

not file a new pleading, motion, or other document without prior leave of the court. Finding his claims frivolous, the court awarded reasonable attorneys' fees to CIS and Carnegie Foundation as a sanction, and noted that NRG did not file a timely application for fees. Charles timely appealed.

**DISCUSSION**

**¶5** NRG and Carnegie Foundation request that we dismiss the appeal given Charles' failure to make appropriate references to the record or provide any authority regarding the issues he apparently attempted to present in his opening brief as required. *See* ARCAP 13(a)(7)(A) (The appellant's brief must include "citations of legal authorities and appropriate references to the portions of the record on which the appellant relies."). We agree that the opening brief does not satisfy ARCAP 13. Liberally construed, however, Charles arguably challenges the superior court's dismissal of (1) his claims against Carnegie Foundation, (2) the vexatious litigant finding, and (3) the award of attorneys' fees. Thus, in our discretion, we decline to dismiss the appeal and will decide each issue based on our own review of the record and what we are ultimately able to glean from Charles' briefing. *See Clemens v. Clark*, 101 Ariz. 413, 414 (1966).

**A.  Dismissal of Claims Against CIS and NRG**

**¶6** Although Charles fails to raise any meaningful arguments challenging the merits of the superior court's order dismissing his case as to CIS and NRG, out of an abundance of caution we address whether dismissal was proper.

**¶7** We review dismissal for lack of personal jurisdiction de novo. *Hoag v. French*, 238 Ariz. 118, 122, ¶ 17 (App. 2017). "Arizona courts may exercise personal jurisdiction to the maximum extent allowed by the United States Constitution." *Planning Grp. of Scottsdale, L.L.C. v. Lake Mathews Mineral Props., Ltd.*, 226 Ariz. 262, 265, ¶ 12 (2011). To establish personal jurisdiction, a defendant must have "sufficient minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Williams v. Lakeview Co.*, 199 Ariz. 1, 3, ¶ 6 (2000); *see Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945). Personal jurisdiction may be general or specific. *Williams*, 199 Ariz. at 3, ¶ 6. Under both general and specific jurisdiction "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Id.* (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985)).

¶8 General personal jurisdiction may exist over a nonresident who "has 'substantial' or 'continuous and systematic' contacts with Arizona." *Austin v. CrystalTech Web Hosting,* 211 Ariz. 569, 574, ¶ 17 (App. 2005) (quoting *Batton v. Tenn. Farmers Mut. Ins. Co.,* 153 Ariz. 268, 270 (1987)). Charles has not shown that any of the defendants have "substantial" or "continuous and systematic" contacts with Arizona. *See id.* In responding to the motions to dismiss, Charles merely reasserted the allegation made in his complaint—that appellants are using "technology" on him. Charles asked the court to "look[] only to the pleading itself," citing *Coleman v. City of Mesa*, 230 Ariz. 353, 356, ¶ 9 (2012), and provided no new information through which he asserts Carnegie Foundations' connections to Arizona. He did attach exhibits to his response to NRG's motion to dismiss purporting to show that various subsidiaries of NRG have a physical presence in Arizona but provided no additional evidence other than a screenshot of a Google search. NRG explained in response that the location was from a former wholly-owned subsidiary of NRG. The court accepted NRG's explanation.

¶9 Specific personal jurisdiction may be exercised over non-resident defendants as permitted by the Due Process Clause of the United States Constitution. *In re Marriage of Peck*, 242 Ariz. 345, 348–49, ¶ 9 (App. 2017). Due process permits the exercise of specific jurisdiction if: "(1) the defendants performed some act or consummated some transaction with Arizona by which they purposefully availed themselves of the privilege of conducting activities in this state; (2) the claim arises out of or results from the defendants' activities related to Arizona; and (3) the exercise of jurisdiction would be reasonable." *In re Consol. Zicam Prod. Liab. Cases*, 212 Ariz. 85, 90, ¶ 10 (App. 2006). The focus of the analysis of specific jurisdiction is "the relationship between the defendant, the forum, and the litigation." *Williams*, 199 Ariz. at 4, ¶ 11. Charles presented no evidence to show that any of the defendants "performed some act or consummated some transaction with Arizona." *In re Consol. Zicam Prod. Liab. Cases*, 212 Ariz. at 90, ¶ 10. He also failed to show any "minimum contacts that are related to the cause of action." *In re Marriage of Peck*, 242 Ariz. at 348–49, ¶ 9; *see Planning Grp.*, 226 Ariz. at 266, ¶¶ 15–16 ("[C]ontacts by a defendant with the forum state . . . not directly related to the asserted cause of action . . . cannot sustain the exercise of specific jurisdiction."). We therefore agree with the superior court's dismissal of Charles' claims for lack of personal jurisdiction.

¶10 Dismissal was also appropriate because Charles' complaint did not include "a short and plain statement of the grounds for the court's jurisdiction." Ariz. R. Civ. P. 8(a)(1). Charles alleged that the defendants

used mind control technology to experiment on him: "psychotronic weapons that [a]ffect the whole person—[b]ody, soul, & spirit . . . [and] cause trauma and [a]ffect mind and heart." The purpose of the notice pleading standard is to give the opponent fair notice of the nature and basis of the claim and to indicate the type of litigation involved. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 6 (2008). Neither Charles' original complaint nor any of the amended versions provided the defendants with fair notice of what his claims were based upon. Because he did not include any factual support establishing how his claims were related to conduct attributable to any of the defendants, the superior court properly concluded he had failed to state any claim upon which relief could be granted.

### B.     Dismissal of Claims Against Carnegie Foundation

**¶11**          We review questions of law concerning statutes of limitations de novo. *Cook v. Town of Pinetop-Lakeside*, 232 Ariz. 173, 175, ¶ 10 (App. 2013). Claims for libel or slander, or "liability created by statute," are subject to a one-year statute of limitation. A.R.S. § 12-541. Claims involving a personal injury must be filed within two years of when the claims accrue. A.R.S. § 12-542. Charles' complaint asserts that the defendants have been performing experiments on him for over 20 years. He also filed similar claims in December 2013, which demonstrates that the claims filed in this case are well beyond their statutes of limitation. The superior court therefore correctly found Charles' claims against Carnegie Foundation were time-barred.

### C.     Vexatious Litigant

**¶12**          Charles vaguely suggests the superior court erred in declaring him a vexatious litigant. We treat the court's order as granting injunctive relief, *Madison v. Groseth*, 230 Ariz. 8, 13, ¶ 16 n.8 (App. 2012), and review for an abuse of discretion, *Ahwatukee Custom Estates Mgmt. Ass'n v. Turner*, 196 Ariz. 631, 634, ¶ 5 (App. 2000). In its motion, Carnegie Foundation asserted that Charles has filed "over 200 pleadings and other motions" against it since December 19, 2013. The superior court repeatedly issued minute entries advising Charles that it did not have jurisdiction to rule on his motions and warned that if he continued filing them he would be deemed a vexatious litigant and precluded from filing additional motions. In granting the motion, the court found that under A.R.S. § 12-3201(a)–(d), Charles filed court actions for the purpose of harassment, unreasonably delayed or expanding court proceedings, brought court actions without substantial justification, and continued to file and re-file documents that were the subject of previous rulings by the court in the same

litigation. Charles disputes none of those findings, and they are supported by the record. We find no abuse of discretion.

### D. Attorneys' Fees

**¶13** Pursuant to Arizona Rule of Civil Procedure 11, which authorizes awarding attorneys' fees as a sanction for frivolous filings, the superior court awarded attorneys' fees to CIS in the amount of $3,310.50, and to the Carnegie Foundation in the amount of $3,760.87. We review those awards for an abuse of discretion, *Maleki v. Desert Palms Prof'l Properties, L.L.C.*, 222 Ariz. 327, 333–34, ¶ 32 (App. 2009), and will uphold them if there is any reasonable supporting basis. *Id.* The court found Charles violated Rule 11(b)(1), (2), and (3) by filing his complaint and amended complaint. The court also found the amounts requested by CIS and Carnegie Foundation were "reasonable and necessary" in defending Charles' claims. Nothing in the record reveals an abuse of discretion.

**¶14** Carnegie Foundation and CIS request attorneys' fees on appeal as a sanction against Charles pursuant to ARCAP 25, which in relevant part permits us to impose sanctions if we determine the appeal is frivolous. *See Johnson v. Brimlow*, 164 Ariz. 218, 221–22 (App. 1990). We consider sanctions with great caution and only award them when the appeal is wholly frivolous. *See Price v. Price*, 134 Ariz. 112, 114 (App. 1982). In our discretion, we deny the requests made here. Because all three defendants are successful parties on appeal, we award them taxable costs subject to compliance with ARCAP 21.

## CONCLUSION

**¶15** For the foregoing reasons, we affirm the judgment of the superior court.



AMY M. WOOD • Clerk of the Court
FILED: AA

6